IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| NANCY OZEE, individually, and LEANNA DOUGLAS, as Next Friend of C.M., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. 2:20-cv-04062-NKL |

## REPORT AND RECOMMENDATION

Plaintiffs Nancy Ozee, individually, and C.M., a minor, by and through Leanna Douglas as Next Friend ("Plaintiffs"), have moved for approval of the settlement ("Settlement") with Defendant United States of America ("United States"). (Doc. 25). On January 14, 2021, the Court held a settlement approval hearing.[1] Plaintiffs Nancee Ozee and C.M., through her Next Friend, Leanna Douglas, appeared in person and through their attorneys of record. The United States appeared through its attorney of record.

The complete and precise terms and conditions of the Settlement are set forth in the "Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677" (hereinafter "Stipulation"), attached as Exhibit "A." The Court has reviewed the Stipulation, taken testimony, and heard arguments in favor of the Settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the Settlement, including the necessity of the approval of the Attorney General of the United States. The Court now makes the following findings of fact and conclusions of law:

1. The Court has jurisdiction to approve the Settlement pursuant to 28 U.S.C. § 1346(b).
2. Richard Dale Martin died in Missouri on October 1, 2018.

---

[1] The Honorable Nanette K. Laughrey referred the settlement approval hearing to the undersigned United States Magistrate Judge for processing under the Magistrate Act, 28 U.S.C. § 636, and Local Rule 72.1.

3. Mr. Martin was not married at the time of his death, and there are no other heirs-at-law except for his natural mother, Plaintiff Nancy Ozee, and his natural daughter, minor Plaintiff C.M.

4. The Court duly appointed Leanna Douglas, the natural mother of minor C.M., as Next Friend for C.M. (Doc. 6). Said Next Friend is empowered under Missouri law, Mo. Rev. Stat. § 507.184, to contract on behalf of minor C.M., for settlement of said minor's claim and cause of action herein, subject to approval by the Court, and has moved and petitioned the Court for such approval.

5. The terms and conditions of the Settlement, as set forth in the Stipulation, including the complete release of all claims by Plaintiffs against the United States, are fair, reasonable, and in the best interests of Plaintiffs.

6. The terms and conditions of the Settlement, as set forth in the Stipulation, are given in good faith as to the claims of both Plaintiffs.

7. Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by UMR[2] or healthcare providers.

8. The pro rata share of costs and expenses associated with the litigation and attributable to the United States are $12,870.27. Such costs are fair, reasonable, and necessary.

NOW, THEREFORE, IT IS HEREBY RECOMMENDED THAT:

1. The Settlement, as set forth in Exhibits A and B, shall be approved.

2. Leanna Douglas, as Next Friend of minor C.M., is authorized and shall be required to sign the Stipulation and any other documents that are necessary to consummate the Settlement on behalf of minor C.M.

3. Leanna Douglas, as Next Friend of minor C.M., is authorized and shall be required to provide any information and documentation necessary to complete the funding of the Estate of C.M. in her capacity as conservator for the Estate of C.M.

4. The settlement amount of **Seven Hundred Thousand Dollars ($700,000)** (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation.

---

[2] UMR is a third-party administrator subsidiary of UnitedHealthcare.

5. Attorneys' fees in this action shall not exceed twenty-five percent of the Settlement Amount paid by the United States and shall be paid as provided in the Stipulation.

6. The Court shall approve costs and expenses associated with the litigation and shall order that they be paid as provided in the Stipulation.

7. Plaintiffs, by and through their attorneys, shall be ordered to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including UMR, arising from the subject matter of this action.

8. Plaintiffs, by and through their attorneys, shall be ordered to provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

9. Plaintiffs, by and through their attorneys, shall be ordered, upon final execution of the Stipulation and receipt of the funds in the amounts set forth in Paragraph 2 of the Stipulation, to file with this Court a request for a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees.

10. Subject to the terms and conditions set forth in Paragraph 2 of the Stipulation, Plaintiffs' attorney shall distribute the funds in the amounts set forth in said Paragraph directly to Nancy Ozee and the estate of C.M., and pay any currently known lien or claim for reimbursement or payment for which Plaintiffs have agreed to be legally responsible under the terms of the Stipulation.

11. The Court shall not retain jurisdiction over this action against the United States or the Settlement.

Dated this 14th day of January, 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge